UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:15cr222-FDW |
| | ) | |
| v. | ) | **BILL OF INFORMATION** |
| | ) | |
| | ) | Violations: 18 U.S.C. § 2 |
| (1) CHRISTOPHER JAMES BARKER | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 922(a)(6) |
| | ) | 18 U.S.C. § 922(g)(1) &(3) |
| | ) | 18 U.S.C. § 924(a)(2) |
| | ) | |

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times material to this Bill of Information:

1. CHRISTOPHER JAMES BARKER ("BARKER"), defendant herein, was prohibited from purchasing or possessing a firearm or firearm ammunition due to 1993 convictions for felony possession of stolen goods and felony possession of cocaine and because he was addicted to hydrocodone and oxycodone, controlled substances as defined in Title 21, United States Code, Section 802. BARKER's 1993 convictions in Gaston County, North Carolina, were then punishable by a term of imprisonment exceeding one year. At no time was BARKER pardoned or his convictions expunged, nor had he petitioned the Secretary of the Treasury for restoration of his right to possess a firearm.

2. Walter Eugene Litteral ("Litteral"), an unindicted coconspirator herein, was a friend of BARKER's. Litteral believed the United States was in danger of a military coup and solicited BARKER and others to prepare to attack military and law enforcement personnel in the event martial law was declared. Litteral had acquired numerous firearms, explosives and other military equipment he stated he would use against law enforcement personnel who attempted to disarm him. In particular, Litteral solicited BARKER and others to acquire components necessary to manufacture improvised explosive devices—i.e., pipes bombs constructed from smokeless gun powder, pipes and pipe fittings, M-80 fireworks and other materials.

3. Beginning no later than on or about July 17, 2015, and continuing until August 1, 2015, BARKER agreed that Litteral would purchase an assault rifle for BARKER because they both well knew that BARKER was a convicted felon, an illegal user of prescription drugs and addicted to hydrocodone and oxycodone. BARKER, therefore, was prohibited from

possessing or receiving any firearm or ammunition that had been shipped or transported in interstate commerce.

4. On or about July 17, 2015, Litteral went to the Gander Mountain store at 3704 East Franklin Blvd, Gastonia, North Carolina ("Gander Mountain") to purchase a certain Smith and Wesson MP-15 assault rifle, serial number SX23718, on behalf of BARKER. BARKER had previously given Litteral between $700 and $800 to purchase the rifle. At Gander Mountain, Litteral filled out an electronic ATF Form 4473, also known as a Firearms Transaction Record, on which he falsely stated and attested under oath that he was the actual buyer of the firearm, whereas he then well knew that the he was purchasing the rifle for BARKER with BARKER's money. Gander Mountain employees did not immediately transfer the rifle to Litteral due to a "delay" order issued after the required National Instant Criminal Background check was conducted.

5. On or about July 19, 2015, Litteral and BARKER discussed which types of ammunition BARKER should purchase for the Smith and Wesson MP-15 assault rifle that Litteral attempted to purchase at Gander Mountain. On July 19, 2015, BARKER went to Gander Mountain where he purchased ammunition (approximately 100 Remington American Eagle 223 full metal jacket bullets) and a ProMag AR-15 magazine (which can hold 30 rounds). Both the ammunition and the magazine were found in BARKER's residence during a consensual search by law enforcement on August 1, 2015.

6. The Smith and Wesson MP-15 assault rifle which Litteral attempted to purchase was manufactured outside the State of North Carolina and shipped in interstate commerce to Gander Mountain.

7. The Remington American Eagle 223 full metal jacket bullets purchased by BARKER were manufactured outside the State of North Carolina and shipped in interstate commerce to Gander Mountain.

8. Litteral was prescribed medication for various ailments and disabilities, including hydrocodone and oxycodone. Litteral was receiving approximately 240 hydrocodone and 90 oxycodone pills per month, of which he sold approximately 100 hydrocodone and 50 to 60 oxycodone pills per month to BARKER. BARKER was not a lawful user of hydrocodone and oxycodone prescribed to Litteral. BARKER became addicted to hydrocodone and oxycodone. Hydrocodone and oxycodone are controlled substance under Title 21, United States Code, Section 802.

9. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") regulates and licenses firearms dealers. The Federal Bureau of Investigation is responsible for the operations of the National Instant Criminal Background Check System (NICS). The ATF and the FBI are components of the United States Department of Justice, an agency of the United States.

# COUNT ONE

Violation: 18 U.S.C. § 371 (Conspiracy)

10. Paragraphs 1 through 9 of the Introduction of this Bill of Information are re-alleged and incorporated herein.

11. Beginning no later than on or about March 1, 2015, and continuing until on or about August 1, 2015, in Gaston County, within the Western District of North Carolina, and elsewhere,

### (1) CHRISTOPHER JAMES BARKER

defendant herein, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree with Litteral and others known and unknown to the United States Attorney:

   a. to defraud the United States by deceitful and dishonest means for the purpose of impeding, impairing, obstructing, and defeating the lawful functions of the United States Department of Justice in its regulation of the lawful sales of firearms; and

   b. to violate the laws of the United States, including:

      i. Title 18, United States Code Section, 922(a)(6), which makes it unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition;

      ii. Title 18, United States Code Section, 922(g)(1), which makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce; and

      iii. Title 18, United States Code Section, 922(g)(3), which makes it unlawful for any person who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act) to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm

3

or ammunition which has been shipped or transported in interstate or foreign commerce.

## MANNER AND MEANS

12. The defendant, Litteral and others known and unknown to the United States Attorney, did carry out the conspiracy by the manner and means described in the Introductory paragraphs of this Bill of Information.

## OVERT ACTS

13. In furtherance of this conspiracy and to affect the objects thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Western District of North Carolina:

    a. On or about July 17, 2015, in Gaston County, North Carolina, BARKER gave Litteral between $700 and $800 to purchase a firearm both knowing that BARKER was possessing or receiving a firearm or ammunition because he was a convicted felon.

    b. On or about July 17, 2015, in Gaston County, North Carolina, Litteral attempted to acquire a certain Smith and Wesson MP-15 assault rifle for BARKER;

    c. On or about July 17, 2015, in Gaston County, North Carolina, Litteral did execute an ATF Form 4473, Firearms Transaction Record, (Form 4473) to the effect that that he was the actual buyer of the firearm indicated on the Form 4473, when in fact as Defendants then well knew, Litteral was not the actual buyer of the firearm; and

    d. On or about July 19, 2015, in Gaston County, North Carolina, BARKER went to Gander Mountain where he used his debit card to purchase 100 Remington American Eagle 223 full metal jacket bullets and a ProMag AR-15 30-round magazine for use with the Smith and Wesson AR 15 that Litteral was attempting to acquire for BARKER.

All in violation of Title 18, United States Code, Section 371.

# COUNT TWO

Violation: 18 U.S.C. § 922(g)(Possession of Ammunition by a Prohibited Person)

14. Paragraphs 1 through 9 of the Introduction of this Bill of Information are re-alleged and incorporated herein.

15. On or about July 19, 2015, in Gaston County, within the Western District of North Carolina, and elsewhere,

### (1) CHRISTOPHER JAMES BARKER,

Defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year and then being an unlawful user and addicted to hydrocodone and oxycodone, controlled substances as defined in Title 18, United States Code, Section 802 did knowingly possess and receive in and affecting interstate commerce ammunition, that is, 100 Remington American Eagle 223 full metal jacket bullets, said ammunition having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1)and (3), 924(a)(2) and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

16. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 924 and/or Section 2461(c): all firearms, ammunition or materials from which destructive devices could be manufactured as set forth in this Bill of Information.

17. The United States Attorney finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

    i. American Eagle .223 55gr FMJ ammunition 100 round value pack.
    ii. Three (3) plastic baggies of assorted ammunition:
    iii. Sixteen (16) shotgun shells
    iv. Nine (9).223 blank ammunition
    v. Twenty (20) .223 green tip ammunition
    vi. Two (2) .22 caliber ammunition
    vii. Eight (18) shotgun shells and four (4) shotgun slugs found in an orange/green camouflage vest
    viii. One (1) Pro Mag AR-15 .223 30 round magazine
    ix. Two (2) metal pipes (outbuilding)

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

MICHAEL E. SAVAGE
ASSISTANT UNITED STATES ATTORNEY