UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) DOCKET NO.: 3:15-CR-222 |
|---|---|
| v. | ) |
| | ) **FACTUAL BASIS** |
| (1) CHRISTOPHER JAMES BARKER | ) |

NOW COMES the United States of America, by and through Jill Westmoreland Rose, Acting United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below. This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

## Overview:

At all times material to the offense alleged in the Bill of Information:

1. CHRISTOPHER JAMES BARKER ("BARKER") was prohibited from purchasing or possessing a firearm or firearm ammunition due to 1993 convictions for felony possession of stolen goods and felony possession of cocaine and because he was addicted to hydrocodone, a controlled substance as defined in Title 21, United States Code, Section 802. BARKER's 1993 convictions in Gaston County, North Carolina, were then punishable by a term of imprisonment exceeding one year. At no time was BARKER pardoned or his convictions expunged, nor had he petitioned the Secretary of the Treasury for restoration of his right to possess a firearm.

2. Walter Eugene Litteral ("Litteral") was a friend of BARKER's. Litteral believed the United States was in danger of a military coup and solicited BARKER and others to prepare to attack military and law enforcement personnel in the event martial law was declared. Litteral solicited BARKER and others to acquire firearms and components necessary to manufacture improvised explosive devices—i.e., pipes bombs constructed from smokeless gun powder, pipes and pipe fittings, M-80 fireworks and other materials.

3. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") regulates and licenses firearms dealers. The Federal Bureau of Investigation is responsible for the operations of the National Instant Criminal Background Check System (NICS). The ATF and the FBI are components of the United States Department of Justice, an agency of the United States.

## Offense Conduct:

4. Beginning no later than on or about July 17, 2015, and continuing until August 1, 2015, BARKER agreed that Litteral would purchase an assault rifle for him because they both well knew that BARKER was a convicted felon, an illegal user of prescription drugs and addicted to hydrocodone. BARKER, therefore, was prohibited from possessing or receiving any firearm or ammunition that had been shipped or transported in interstate commerce.

5. On or about July 17, 2015, Litteral went to the Gander Mountain store at 3704 East Franklin Blvd, Gastonia, North Carolina ("Gander Mountain") to purchase a certain Smith and Wesson MP-15 assault rifle, serial number SX23718, on behalf of BARKER. BARKER had previously given Litteral between $700 and $800 to purchase the rifle. At Gander Mountain, Litteral filled out an electronic ATF Form 4473, also known as a Firearms Transaction Record, on which he falsely stated and attested under oath that he was the actual buyer of the firearm, whereas he then well knew that the he was purchasing the rifle for BARKER with BARKER's money. Gander Mountain employees did not immediately transfer the rifle to Litteral due to a "delay" order issued after the required NICS check was conducted. Litteral called BARKER several times after his attempted purchase of the rifle to apprise him of the status of the transaction.

6. On or about July 19, 2015, Litteral and BARKER discussed which types of ammunition BARKER should purchase for the Smith and Wesson MP-15 assault rifle that Litteral attempted to purchase at Gander Mountain. On July 19, 2015, BARKER went to Gander Mountain where he purchased ammunition (approximately 100 Remington American Eagle 223 full metal jacket bullets) and a ProMag AR-15 magazine (which can hold 30 rounds). Both the ammunition and the magazine were found in BARKER's residence during a consensual search by law enforcement on August 1, 2015.

7. The Smith and Wesson MP-15 assault rifle which Litteral attempted to purchase was manufactured outside the State of North Carolina and shipped in interstate commerce to Gander Mountain.

8. The Remington American Eagle 223 full metal jacket bullets purchased by BARKER were manufactured outside the State of North Carolina and shipped in interstate commerce to Gander Mountain.

9. Litteral was prescribed medication for post-traumatic stress disorder, back pain and other disabilities. Litteral was receiving approximately 240 hydrocodone pills per month, of which he sold approximately 100 pills per month to BARKER. BARKER knew he was not a lawful user

of hydrocodone prescribed to Litteral. BARKER also knew he was addicted to hydrocodone. Hydrocodone is a controlled substance under Title 21, United States Code, Section 802.

10. At all times during the course of the conspiracy alleged in Count One of the Bill of Information:

    a. BARKER knew and agreed that one purpose of his association with Litteral was to defraud the United States Department of Justice, an agency of the United States, by hampering and impeding the ATF and FBI in their regulation of the lawful sales of firearms; and

    b. BARKER knew and agreed that another purpose of his association with Litteral was to commit offenses against the United States, including violations of Title 18, United States Code, Sections 922(a)(6) (making false statements during the attempted purchase of a firearm), 922(g)(1) (possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year) and 922(g)(3) (possession of a firearm by a person who is an unlawful user of and addicted to a controlled substance).

11. Even if BARKER did not know all of the details of his co-conspirator's Litteral's actions, he knew and intended that Litteral, acting on behalf of the conspiracy, would carry out the objects of the conspiracy as explained above. In particular, BARKER knew and intended that Litteral would be making false statements in order to obtain a firearm on his behalf.

12. The term "knowingly" as used herein describes BARKER's state of mind during the conspiracy, meaning that he was conscious and aware of his actions; realized what he was doing or what was happening around him; and did not act out of ignorance, mistake, or accident.

13. A Smith and Wesson MP-15 assault rifle is a semi-automatic firearm that has the ability to fire many rounds without reloading and is capable of accepting a large capacity magazine. The term "large capacity magazine" as used herein means a magazine that will accept more than 15 rounds of ammunition.

14. At all times material to the offense alleged in Count ~~Three~~ Two of the Bill of Information:

    a. BARKER knowingly possessed ammunition as charged in Count Three

    b. BARKER knew he was a prohibited person for the reasons stated above and could not legally purchase or possess ammunition;

3

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

_____
MICHAEL E. SAVAGE
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis and understands that it may be used for the purposes stated above.

_____  DATED: 9/13/15
Richard E. Beam, Attorney for Defendant

### Authority, Signature, and Acknowledgment of the Defendant

I, Christopher James Barker, hereby acknowledges and states that I have read this Factual Basis, the Bill of Information and Plea Agreement and have discussed them with my attorney, Richard E. Beam. The facts outlined herein accurately describe the events and circumstances surrounding my offenses. I fully understand the contents of this Factual Basis, and enter into it without reservation. I further understand that this Factual Basis may not contain all of the facts pertinent to my case and that additional facts may be included in my pre-sentence report or sentencing hearing.

_____  DATED: 9-13-15
Christopher James Barker
Defendant

4